UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT A. ACOSTA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 14-10212

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S NOVEMBER 16, 2016 REPORT AND RECOMMENDATION [27]**

On January 16, 2014, Plaintiff Robert Acosta filed a complaint seeking judicial review of a final decision by the Commissioner of Social Security denying his application for disability benefits. Six months later, the parties agreed to remand the matter for further proceedings pursuant to 42 U.S.C. § 405(g). (Dkt. 16). In the end, following some procedural hand-wringing at the administrative level, Plaintiff successfully obtained a substantial award of past-due benefits. A little over two years later, Plaintiff's counsel filed a petition for attorney fees under § 406(b)(1) of the Social Security Act. On November 16, 2016, the Magistrate Judge issued a report recommending granting Plaintiff's motion in part. (Dkt. 27). Specifically, the Magistrate Judge concluded that, "granting Daley's motion for attorneys fees at an effective rate of $1,022.74 would be an unprecedented award, one inconsistent with Marcus' limited experience [and] the middling nature of complexity in this case . . . ." (Report and Recommendation at 23). Instead, the report recommends

reducing the total fee award to $7974.35, which "equates to an effective hourly rate of $449.59." *Id.*

Plaintiff has since filed an objection to the report, arguing, among other things, that "the Magistrate Judge's logic in reducing Marcus' rate to $250 is contrary to *both Gisbrecht* and *Hayes.*" (Objection at 16). The Court disagrees for a multitude of reasons, but need not spill a considerable amount of ink expressing its view in light of the general nature of Plaintiff's objection and the breadth of the report and recommendation. Indeed, the report is clear that the Magistrate Judge relied on *Gisbrecht* and *Hayes* for two reasons: First, with respect to the Sixth Circuit's decision in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418 (6th Cir. 1990), the court held that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.* at 422. Here, the Magistrate Judge exhaustively considered Marcus' experience, the State Bar of Michigan economic survey, the complexity of the issues, and numerous decisions in and out of this district before concluding "that application of $250 per hour as a standard rate [was] reasonable." (R&R at 16). The Magistrate Judge then doubled that figure to arrive at a final rate of $500 per hour-- well within the bounds of *Hayes* and its progeny.

Nor does the Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) suggest that the result should be any different. There, the Court agreed that although "the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." *Id.* at 799 (quotation omitted). In other words, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced

the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* And there is no question that this is precisely what the Magistrate Judge did here.

For that reason, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. 27), DENIES Plaintiff's objections (Dkt. 28), DENIES AS MOOT Plaintiff's request for leave to file additional exhibits (Dkt. 32), and ORDERS that attorney fees be awarded in the amount of $7974.35.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: January 26, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2017, by electronic and/or ordinary mail.

                                          s/Carol J. Bethel
                                          Case Manager